**UNITED STATES of America, Plaintiff,**

v.

**Michael Lynn WYNCOOP, Defendant.**

**Crim. No. 91–343–FR.**

United States District Court,
D. Oregon.

April 3, 1992.

**346**

Charles H. Turner, U.S. Atty., Neil J. Evans, Asst. U.S. Atty., Portland, Or., for plaintiff.

Steven T. Wax, Federal Defender, Nancy Bergeson, Asst. Federal Defender, Portland, Or., for defendant.

## OPINION

FRYE, Judge:

The matter before the court is the motion to dismiss of the defendant, Michael Lynn Wyncoop.

On September 24, 1991, a federal grand jury returned a one-count indictment against Wyncoop. The grand jury charges Wyncoop with the crime of theft from a program which receives governmental funds in violation of 18 U.S.C. § 666. The indictment sets forth a scheme whereby Wyncoop is alleged to have stolen in excess of $5,000 from Trend College, an organization which received in excess of $10,000 in federal benefits, while Wyncoop was an agent of Trend College. On March 12, 1992, a hearing was held on the motion of Wyncoop to dismiss the indictment.

Wyncoop moves to dismiss the indictment on three grounds: 1) that Trend College is not an organization covered by 18 U.S.C. § 666; 2) that Wyncoop was not an agent of Trend College as required by 18 U.S.C. § 666; and 3) that the funds Wyncoop is alleged to have stolen may not be aggregated to satisfy the jurisdictional minimum of $5,000 as required by 18 U.S.C. § 666. The court will discuss these contentions separately.

Wyncoop first argues that Trend College is not an organization covered by 18 U.S.C. § 666 because Trend College does not "receive[ ], in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." *Id.* at (b). The government contends that Trend College is an organization covered by 18 U.S.C. § 666 because Trend College participates in federal programs which provide federally guaranteed student loans to the students of Trend College. It is an undisputed fact that Trend College receives approximately $385,000 per year in Stafford and Supplemental Loans for Students (SLS) funds.

In interpreting a different statutory scheme, the Supreme Court concluded that a college whose students financed their educations through federal grants was a "recipient" of federal financial assistance even though the college itself accepted no direct assistance from the federal government. *Grove City College v. Bell,* 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984). Given the broad construction intended of 18 U.S.C. § 666, *see United States v. Simas,* 937 F.2d 459, 463 (9th Cir.1991), the court finds that Trend College is an organization

covered by 18 U.S.C. § 666 even though it does not receive financial assistance directly from the federal government. The extent of the participation of Trend College in the Stafford and SLS programs is sufficient to bring Trend College within coverage of 18 U.S.C. § 666.

■ Wyncoop next contends that the indictment should be dismissed because he was an "agent" of Trend College only from May, 1991, when he was transferred into the administrative student accounting department of the college. Wyncoop does not dispute that he was an employee of Trend College during the times stated in the indictment. The allegation that Wyncoop was an employee of Trend College is sufficient to establish him as an agent for the purposes of the indictment. *See* Restatement (Second) of Agency § 2 (1958). In any event, this issue will be best resolved at trial and not on a motion to dismiss.

■ The final contention of Wyncoop is that the indictment impermissibly aggregates the amount of money that he allegedly stole in order to meet the $5,000 jurisdictional requirement. The court finds that the indictment sufficiently alleges that Wyncoop stole property valued at $5,000 or more.

The motion of Wyncoop to dismiss the indictment is denied.